UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------------- X
VICENTE MARTINEZ LOPEZ, RICARDO
GALINDO NAZARIO, EPIGMENIO RUIZ
MARTINEZ, and ELEUTERIA ARELLANEZ
RAMIREZ, on behalf of themselves and all others
similarly situated,

      Plaintiffs,

  -against-

GDB INTERNATIONAL, INC.,

----------------------------------------------------------------------- X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Vicente Martinez Lopez, Ricardo Galindo Nazario, Epigmenio Ruiz Martinez, and Eleuteria Arellanez Ramirez (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendant GDB International, Inc. ("Defendant"), allege:

**NATURE OF THE ACTION**

1. Plaintiffs worked as sorters, machine operators, and forklift drivers at GDB International, Inc.'s New Jersey recycling facilities located in Monmouth Junction and New Brunswick. Despite regularly working up to sixty-eight hours per week, Defendant paid Plaintiffs at the same "straight time" hourly rate for all hours worked, that at times fell below the minimum wage, and failed to pay Plaintiffs the statutorily required overtime wage rate of time and one-half for hours worked over forty per workweek.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated non-exempt warehouse workers to recover unpaid minimum wage, overtime pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11 – 56(a) *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff Vicente Martinez Lopez**

5. Vicente Martinez Lopez ("Martinez") resides in Somerset County, New Jersey.

6. Martinez has worked as a machine operator for Defendant from approximately November 2016 to the present.

**Plaintiff Ricardo Galindo Nazario**

7. Ricardo Galindo Nazario ("Galindo") resides in Middlesex County, New Jersey.

8. Galindo has worked as a forklift driver for Defendant from approximately August 2016 to the present.

**Plaintiff Epigmenio Ruiz Martinez**

9. Epigmenio Ruiz Martinez ("Ruiz") resides in Middlesex County, New Jersey.

10. Ruiz has worked as a sorter and forklift driver for Defendant from approximately November 20, 2015 to the present.

**Plaintiff Eleuteria Arellanez Ramirez**

11. Eleuteria Arellanez Ramirez ("Arellanez") resides in Middlesex County, New Jersey.

12. Arellanez has worked as a sorter for Defendant from approximately June 26, 2016 to the present.

**Defendant GDB International, Inc.**

13. Defendant GDB International, Inc. ("GDB International") is a New Jersey corporation that operates recycling facilities in New Jersey, Illinois, and Ohio.

14. GDB International was established in 1993 as a provider of recycling and sustainability solutions and to help companies achieve a "Zero Waste Goal." In doing so, GDB generates and markets recyclable products including plastics, paints, metals, and paper to various countries around the world.

15. GDB International's two New Jersey locations are located at 461 Ridge Rd, Monmouth Junction, New Jersey 08852 ("Monmouth Junction Warehouse") and 1 Home News Row, New Brunswick, NJ 08901 ("New Brunswick Warehouse").

16. GDB International is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. GDB International has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

18. In each of the three years preceding the filing of this Complaint, GDB International's annual gross volume of sales exceeded $500,000.

19. In 2013, GDB International settled for $190,000 a collective and class action brought by employees of its Illinois recycling facility for failing to pay its employees overtime pay as required by the FLSA. *See Guzman v. GDB Int'l, Inc.*, No. 13-cv-1145 (S.D. Ill. filed Nov. 5, 2013).

## FACTUAL ALLEGATIONS

20. As their primary work duties, Plaintiffs and other warehouse workers sort through bags of recycled materials for plastic or metal, maintain and operate machines that process recycled materials, and operate forklifts within the warehouses.

21. Plaintiffs and other warehouse workers at the Monmouth Junction Warehouse and the New Brunswick Warehouse were assigned and performed the same work duties.

22. Plaintiffs and other warehouse workers were paid every fifteen days.

23. Defendant implemented the same pay policies at both the Monmouth Junction Warehouse and the New Brunswick Warehouse.

**Martinez's Hours Worked and Wages Paid**

24. Throughout his employment, Martinez worked at the Monmouth Junction Warehouse.

25. Throughout his employment, Martinez has worked six days per week as a machine operator, for approximately sixty-six hours per workweek. He works Monday through Saturday from approximately 5:00 a.m. to 4:00 p.m., with a thirty minute paid lunch each day.

26. From approximately November 2016 through February 2019, Defendant paid Martinez an hourly rate of $11.00 for all hours worked, including for hours worked over forty per workweek.

27. From approximately March 2019 through March 2020, Defendant paid Martinez an hourly rate of $12.00 for all hours worked, including for hours worked over forty per workweek.

28. From approximately April 2020 through December 2020, Defendant paid Martinez an hourly rate of $12.50 for all hours worked, including for hours worked over forty per workweek.

29. From January 2021 through the present, Defendant has paid Martinez an hourly rate of $13.00 for all hours worked, including for hours worked over forty per workweek.

30. Defendant did not pay Martinez at the rate of one and one-half times his regular wage rate for hours worked in excess of forty per workweek.

**Galindo's Hours Worked and Wages Paid**

31. From approximately August 2016 to February 2019, Galindo worked at the New Brunswick Warehouse. From February 2019 to the present, Galindo has worked at the Monmouth Junction Warehouse.

32. Throughout his employment, Galindo has worked six days per week as a forklift driver, for approximately sixty-eight hours per workweek. He worked Monday through Friday from approximately 5:00 a.m. to 5:00 p.m., and from 5:00 a.m. to 1:00 p.m. on Saturday, with a thirty minute paid lunch each day.

33. From approximately August 2016 through June 2017, Defendant paid Galindo an hourly rate of $10.00 for all hours worked, including for hours worked over forty per workweek.

34. From approximately July 2017 to July 2019, Defendant paid Galindo an hourly rate of $12.00 for all hours worked, including for hours worked over forty per workweek.

5

35. From approximately July 2019 to the present, Defendant has paid Galindo an hourly rate of $14.00 for all hours worked, including for hours worked over forty per workweek.

36. Defendant did not pay Galindo at the rate of one and one-half times his regular wage rate for hours worked in excess of forty per workweek.

**Ruiz's Hours Worked and Wages Paid**

37. Throughout his employment, Ruiz worked at the Monmouth Junction Warehouse.

38. From approximately November 2015 to November 2016, Ruiz worked six days per week as sorter, for approximately sixty-six hours per workweek. He worked Monday through Friday from approximately 6:00 a.m. to 6:00 p.m., and from 6:00 a.m. to 12:00 p.m. on Saturday, with a thirty minute paid lunch each day.

39. From approximately November 2016 to October 2018, Ruiz worked six days per week as a forklift driver, for approximately sixty-six hours per workweek. He worked Monday through Friday from approximately 6:00 a.m. to 6:00 p.m., and from 6:00 a.m. to 12:00 p.m. on Saturday, with a thirty minute paid lunch each day.

40. From approximately October 2018 to the present, Ruiz has worked six days per week as a forklift driver, for approximately sixty-one hours per workweek. He worked from approximately 6:00 a.m. to 5:00 p.m. Monday through Friday, and from 6:00 a.m. to 12:00 p.m. on Saturday, with a thirty minute paid lunch each day.

41. From approximately November 2015 to November 2018, Defendant paid Ruiz an hourly rate of $12.50 for all hours worked, including for hours worked over forty per workweek.

42. From approximately November 2018 through February 2021, Defendant paid Ruiz an hourly rate of $13.00 for all hours worked, including for hours worked over forty per workweek.

43. From February 2021 to the present, Defendant has paid Ruiz an hourly rate of $14.00 for all hours worked, including for hours worked over forty per workweek.

44. Defendant did not pay Ruiz at the rate of one and one-half times his regular wage rate for hours worked in excess of forty per workweek.

**Arellanez's Hours Worked and Wages Paid**

45. Throughout her employment, Arellanez has worked at the Monmouth Junction Warehouse.

46. From approximately June 2016 to January 2019, Arellanez worked six days per week as a sorter, for approximately fifty-eight hours per workweek. She worked from approximately 6:00 a.m. to 4:00 p.m. Monday through Friday, and from 4:00 a.m. to 12:00 p.m. on Saturday, with a thirty minute paid lunch each day.

47. From approximately January 2019 to the present, Arellanez works six days per week as a sorter, for approximately sixty-three hours per workweek. She worked from approximately 5:00 a.m. to 4:00 p.m. Monday through Friday, and from 4:00 a.m. to 12:00 p.m. on Saturday, with a thirty minute paid lunch each day.

48. From approximately June 2016 to June 2018, Defendant paid Arellanez an hourly rate of $10.00 for all hours worked, including for hours worked over forty per workweek.

49. From approximately June 2018 through February 2021, Defendant paid Arellanez an hourly rate of $11.00 for all hours worked, including for hours worked over forty per workweek.

7

50. From March 2021 to the present, Defendant has paid Arellanez an hourly rate of $12.00 for all hours worked, including for hours worked over forty per workweek.

51. Defendant did not pay Arellanez at least the statutory minimum wage rate for all hours worked.

52. Defendant did not pay Arellanez at the rate of one and one-half times her regular wage rate for hours worked in excess of forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiffs bring this action on behalf of themselves and all similarly situated persons who have worked as Warehouse Workers (i.e., non-exempt workers) who worked for GDB International at the Monmouth Junction Warehouse and the New Brunswick Warehouse within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

54. The FLSA Collective consists of approximately fifty Warehouse Workers who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage and overtime pay.

55. Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have had work schedules consisting of over forty hours per workweek, have performed virtually the same duties, and have been subjected to Defendant's common pay policies depriving them of the minimum wage and overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

56. Defendant is aware or should have been aware that the FLSA required them to pay Warehouse Workers the minimum wage and an overtime premium for hours worked in excess of forty per workweek.

57. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

58. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Warehouse Workers can be readily identified and located through Defendant's records. The similarly situated Warehouse Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

59. The claims in this Complaint arising out of the NJWHL are brought by Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated non-exempt employees ("Warehouse Workers), who work or have worked for GDB International at the Monmouth Junction Warehouse and the New Brunswick Warehouse within the last six years (the "Rule 23 Class").

60. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

61. The size of the Rule 23 Class is at least eighty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

62. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

63. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, inter alia, the following:

9

    a. Whether the NJWHL, and the supporting regulations were violated by Defendant's acts as alleged herein;

    b. Whether Defendant failed to pay at least the statutory minimum wage to Plaintiffs and other Rule 23 Class members;

    c. Whether Defendant failed to pay overtime wages to Plaintiffs and other Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL; and

    d. Whether Plaintiffs and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

64. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendant at various times within the applicable six-year statutory period. They enjoy the same statutory rights under the NJWHL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the NJWHL.

65. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

66. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

67. Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

68. There is no conflict between Plaintiffs and the Rule 23 Class members.

69. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

70. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Minimum Wages)**

71. Plaintiffs and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

72. Defendant is an employer within the meaning 29 U.S.C § 203(e) and 206(a) and employed Plaintiffs.

73. The FLSA requires that employers pay employees at least the minimum wage for each hour worked up to forty in one week.

74. Defendant failed to pay Plaintiff Arellanez and other members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

75. Defendant's violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

76. Due to Defendant's violations of the FLSA, Arellanez and the FLSA Collective are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Minimum Wage)

77. Plaintiffs and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

78. Defendant is an employer within the meaning of NJWHL and supporting New Jersey State Department of Labor Regulations, and employed Plaintiffs and the Rule 23 Class as non-exempt employees.

79. Defendant failed to pay Arellanez and other members of the Rule 23 Class the minimum wages to which they are entitled under the NJWHL.

80. Defendant willingly violated the NJWHL by knowingly and intentionally failing to pay Arellanez and the Rule 23 Class the statutory minimum hourly wage rate.

81. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL and supporting State Department of Labor Regulations.

82. Due to Defendant's willful violations of the NJWHL, Arellanez and the Rule 23 Class are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

83. Plaintiffs and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

84. Under the NJWHL, Defendant was required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

85. Plaintiffs and the Rule 23 Class regularly worked more than 40 hours per week.

86. Defendant failed to pay Plaintiffs and the Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

87. Defendant's violation of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

88. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiffs and the Rule 23 Class.

89. Defendant willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class members overtime wages.

90. Due to Defendant's willful violations of the NJWHL, Plaintiffs and the Rule 23 Class members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

91. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

92. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates, which cannot be less than the applicable minimum wage rate, per hour worked in excess of forty per workweek.

93. Defendant is an employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the FLSA Collective.

94. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

95. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

96. Due to Defendant's violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

    a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiffs as the class representatives, and designation of Plaintiffs' counsel as Class Counsel;

b. designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

c. declare that Defendant violated the minimum wage and overtime pay provisions of the FLSA and the NJWHL;

d. declare that Defendant's violations of the FLSA and NJWHL were willful;

e. award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid minimum and overtime wages;

f. award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NJWHL;

g. award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NJWHL;

h. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NJWHL; and

i. award such other and further relief as the Court deems just and proper.

*(Continued on next page)*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
       March 19, 2021

                                    PECHMAN LAW GROUP PLLC

                                    By: *s/Louis Pechman*
                                            Louis Pechman
                                            Vivianna Morales
                                            Pechman Law Group PLLC
                                            488 Madison Avenue, 17th Floor
                                            New York, New York 10022
                                            Tel.: (212) 583-9500
                                            pechman@pechmanlaw.com
                                            morales@pechmanlaw.com

                                            *Attorneys for Plaintiffs, the*
                                            *Putative FLSA Collective, and Putative*
                                            *Rule 23 Class*